IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALEXANDER, | : | |
| Petitioner, | : | 1:15-cv-0031 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent. | : | |

**MEMORANDUM**

May 27, 2015

Petitioner, Craig Alexander, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner claims that his due process rights were violated during the course of a prison disciplinary hearing held in April 2004 at the United States Penitentiary at Pollock ("USP-Pollock"), Louisiana.  (Doc. 1-1, ¶ 1).  He seeks expungement of the incident report and restoration of all lost privileges.  (*Id.* at ¶ 15).  The petition is ripe for disposition.  For the reasons set forth herein, the petition will be dismissed.

I.      **FACTUAL BACKGROUND**

On February 17, 2004, Petitioner was charged with "Possessing Intoxicants" in Incident Report Number 1192283.  (Doc. 8-1, ¶ 4).  He was afforded a hearing before a disciplinary hearing officer ("DHO") on April 6, 2004.  (*Id.* at  ¶ 5).

Following the hearing, the DHO found that Petitioner committed the prohibited act of possessing intoxicants and sanctioned him to twenty days of disciplinary segregation, twenty days of suspended disciplinary segregation, and six months loss of phone and visiting privileges. (*Id.*). The disciplinary proceeding did not result in the loss of good conduct time. (*Id.* at ¶ 6).

## II. DISCUSSION

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Petitioner fails to set forth a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interest that are protected by the Due Process Clause. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). Petitioner did not lose good conduct time. Rather, he was sanctioned to temporary placement in disciplinary segregation, suspended placement in disciplinary segregation, and the temporary loss of phone and visiting privileges. These sanctions do not implicate protected liberty interests as they do not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. *See, e.g.*, *Robinson v. Norwood*, 535 F. App'x. 81, 83 (3d Cir. 2013) (finding that placement in administrative segregation for days or months at a time does not implicate a protected liberty interest); *Ky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (holding that prisoners do not have a constitutionally protected interest in prison visitation); *Jones v. Thomas*, No. 3:13-cv-3105, 2014 WL 3113420 (M.D. Pa. July 7, 2014) (concluding that temporary placement in disciplinary segregation, and temporary loss of commissary and telephone privileges do not implicate protected liberty interests) *See Young v. Beard*, 227 F. App'x. 138 (3d Cir. 2007) (stating that an inmate sentenced to an aggregate of 930 days in disciplinary confinement without dayroom or telephone

privileges did not constitute an atypical and significant hardship sufficient to trigger a liberty interest under Sandin ).  Because the sanctions imposed did not include a loss of good conduct time and, therefore, had no impact on the fact or length of his sentence or confinement, the petition is subject to dismissal.  *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x. 172 (3d Cir. 2007)

     A separate Order will issue.